IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JOHANNA BYRER, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VALENTINE & KEBARTAS, INC., | ) |
| | ) |
|           Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOHANNA BYRER, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, VALENTINE & KEBARTAS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOHANNA BYRER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The Debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff's husband to Fleet.

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff's husband and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. VALENTINE & KEBARTAS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Colorado. Defendant is incorporated in the State of Massachusetts.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about July 18, 2012, Defendant initiated at least three (3) telephone calls to Plaintiff in an attempt to collect the Debt.

15. At the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, Plaintiff answered the telephone call.

16. Plaintiff then asked Defendant who was calling.

17. Defendant's duly authorized representative then intentionally disconnected the telephone call with Plaintiff.

18. Plaintiff ascertained that Defendant initiated at least three (3) telephone calls to her, on July 18, 2012, as the telephone number that appeared on Plaintiff's caller identification at the time the telephone calls were initiated by Defendant was Defendant's telephone number.

19. On or about July 19, 2012, Defendant initiated at least three (3) telephone calls to Plaintiff in a further attempt to collect the Debt.

20. On or about July 19, 2012, Defendant initiated the three (3) aforesaid telephone calls to Plaintiff all prior to 11:00 a.m., Mountain Time Zone.

21. Again, Plaintiff ascertained that Defendant initiated the three (3) telephone calls to her, on July 19, 2012, as the telephone number that appeared on Plaintiff's caller identification at the time the telephone calls were initiated by Defendant was Defendant's telephone number.

22. On or about July 19, 2012, at the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, Plaintiff answered the telephone call.

23. Immediately after Plaintiff answered the telephone call, Defendant's duly authorized representative then intentionally disconnected the telephone call with Plaintiff.

24. At the time Defendant initiated another one (1) of the aforesaid telephone calls to Plaintiff, on July 19, 2012, Plaintiff answered the telephone call and engaged in a telephone conversation with Defendant.

25. During the course of the telephone conversation between Plaintiff and Defendant, Defendant's duly authorized representative asked to speak with Plaintiff's husband.

26. Plaintiff informed Defendant that her husband was working out of town.

27. Defendant then asked when Plaintiff's husband was expected to return.

28. Plaintiff informed Defendant that her husband was expected to return around August 1, 2012.

29. Defendant informed Plaintiff that it would call Plaintiff's residence back around August 1, 2012.

30. On or about July 19, 2012, subsequent to Plaintiff having informed Defendant that her husband was not expected to return until around August 1, 2012, on that same day, Defendant initiated an additional telephone call to Plaintiff in a further attempt to collect the Debt.

31. On or about July 19, 2012, despite Defendant's awareness that Plaintiff's husband was not available, Defendant initiated an additional telephone call to Plaintiff in a further attempt to collect the Debt.

32. Plaintiff then engaged in another telephone call with Defendant wherein it asked to speak with Plaintiff's husband in an attempt to collect the Debt.

33. Plaintiff reiterated to Defendant that her husband was not available and that he would not return until around August 1, 2012.

34. Defendant responded by telling Plaintiff if the Debt was not paid then Defendant would "report Plaintiff to the State of Colorado."

35. Defendant further stated that the State of Colorado would take action against Plaintiff and that Defendant would then be able to obtain funds relative to the Debt.

36. Defendant's representation that Plaintiff would be reported to the State of Colorado and that the State of Colorado would take action against her to collect funds relative to the Debt had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

37. Plaintiff had not engaged in criminal conduct with respect to the Debt.

38. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

39. Defendant's representations that Plaintiff had engaged in criminal conduct were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

40. Upon information and belief, at the time Defendant made the threat to report Plaintiff to the State of Colorado if the Debt was not paid, Defendant had no intention to carry out the aforesaid threat.

41. Upon information and belief, to date, Defendant had not reported Plaintiff to the State of Colorado regarding her putative failure to pay the Debt.

42. On or about July 23, 2012, subsequent to Plaintiff having informed Defendant, on multiple occasions, that her husband was not expected to return until around August 1, 2012, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

43. On or about July 23, 2012, despite Defendant's awareness that Plaintiff's husband was not available, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

44. At the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, on July 23, 2012, Plaintiff answered the telephone call and engaged in a telephone conversation with Defendant wherein Defendant asked to speak with Plaintiff's husband.

45. Plaintiff responded that her husband was not at home.

46. Defendant's duly authorized representative then intentionally disconnected the telephone call with Plaintiff.

47. On or about July 23, 2012, subsequent to Plaintiff having informed Defendant that her husband was not home, on that same day, subsequent to the parties having engaged in the aforesaid telephone call, Defendant initiated two (2) additional telephone calls to Plaintiff in a further attempt to collect the Debt.

48. On or about July 23, 2012, despite Defendant's awareness that Plaintiff's husband was not home, on that same day subsequent to the parties having engaged in the aforesaid telephone call, Defendant initiated two (2) additional telephone calls to Plaintiff in a further attempt to collect the Debt.

49. On or about July 23, 2012, at the time Plaintiff answered the two (2) additional telephone calls initiated to her by Defendant, Defendant's duly authorized representatives intentionally disconnected the telephone calls with Plaintiff.

50. On or about July 23, 2012, Defendant initiated at least four (4) telephone calls to Plaintiff in a further attempt to collect the Debt.

51. Again, Plaintiff ascertained Defendant initiated the aforesaid telephone calls to her, on July 23, 2012, as the telephone number that appeared on Plaintiff's caller identification at the time the telephone calls were initiated by Defendant was Defendant's telephone number.

52. On or about July 24, 2012, subsequent to Plaintiff having informed Defendant, on multiple occasions, that her husband was not expected to return until around August 1, 2012, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

53. On or about July 24, 2012, despite Defendant's awareness that Plaintiff's husband was not available, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

54. At the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, on July 24, 2012, Plaintiff answered the telephone call wherein an automated message played requesting that Plaintiff press a telephone number to retrieve a message.

55. Plaintiff pressed the number on her telephone as requested by Defendant.

56. Immediately after Plaintiff pressed the number requested by Defendant the telephone call with Defendant was disconnected.

57. At the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, on July 24, 2012, Plaintiff answered the telephone call wherein an automated message played requesting that Plaintiff continue to hold on the telephone line.

58. Plaintiff, as requested by Defendant, continued to hold on the telephone line wherein the telephone call with Defendant was disconnected.

59. On or about July 26, 2012, Defendant initiated at least four (4) telephone calls to Plaintiff in an attempt to collect the Debt.

60. Again, Plaintiff ascertained Defendant initiated at least four (4) telephone calls to her, on July 26, 2012, as the telephone number that appeared on Plaintiff's caller identification at the time the telephone calls were initiated by Defendant was Defendant's telephone number.

61. On or about July 26, 2012, subsequent to Plaintiff having informed Defendant, on multiple occasions, that her husband was not expected to return until around August 1, 2012, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

62. On or about July 26, 2012, despite Defendant's awareness that Plaintiff's husband was not available, Defendant initiated additional telephone calls to Plaintiff in a further attempt to collect the Debt.

63. At the time Defendant initiated one (1) of the aforesaid telephone calls to Plaintiff, on July 26, 2012, Plaintiff answered the telephone call wherein she engaged in a telephone conversation with Defendant. wherein Defendant asked to speak with Plaintiff's husband.

64. Plaintiff responded that her husband was not at home and that he was working outside of the State of Colorado.

65. Defendant's duly authorized representative then responded by stating "okay" and Defendant then intentionally disconnected the telephone call with Plaintiff.

66. Defendant's conduct in continuing to initiate multiple telephone calls to Plaintiff in an attempt to contact Plaintiff's husband, despite Defendant having been cognizant that Plaintiff's husband was not available, was unfair and/or unconscionable.

67. Defendant's conduct in continuing to initiate multiple telephone calls to Plaintiff in an attempt to contact Plaintiff's husband, despite Defendant having been cognizant that

Plaintiff's husband was not available, was conduct that Plaintiff found to be disturbing and harassing.

68. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

69. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

70. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

71. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHANNA BYRER, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOHANNA BYRER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: September 4, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com